UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHRISTOPHER HAYDEN MARTIN, )
)
    Petitioner, )
)
v. ) Nos. 1:14-CV-336-CLC-SKL
)
DAVID SEXTON, Warden, )
)
    Respondent. )

## MEMORANDUM OPINION

On November 21, 2014, Petitioner filed a pro se petition for writ of habeas corpus challenging the legality of his confinement under a judgment of the Hamilton County Criminal Court [Doc. 1]. Respondent requested and received an extension of time to file a response [Docs. 6, 7]. On June 8, 2016, Respondent requested that the Court dismiss Petitioner's motion as untimely [Doc. 10]; that motion is now before the Court. Also before the Court are Petitioner's "motion in opposition to Respondent's motion [for extension]" [Doc. 8], and Respondent's requests to withdraw original counsel and appoint substitute counsel [Doc. 16].

**I. BACKGROUND**

On May 21, 1997, Petitioner pled guilty to two counts of child rape in Hamilton County Criminal Court Cases 200424 and 200425. He received a sentence of twenty-five years to be served at one hundred percent on each count. The court ordered the sentences to be served concurrently to each other. The court also ordered the sentences to be served concurrently to Georgia convictions involving similar offenses against the same victim, to which Petitioner had previously pled guilty on August 22, 1996, and received a sentence of twenty years'

incarceration followed by twenty years' probation. Petitioner was transferred to Georgia to serve his sentences.

On July 27, 2011, Petitioner learned that Tennessee authorities had placed a detainer on him seeking his return to Tennessee after the completion of the Georgia sentence. On September 21, 2011, Petitioner filed a "notice" in the United States District Court for the Northern District of Georgia challenging both his Georgia and Tennessee convictions and the Tennessee detainer [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 1]. The court transferred the aspects of the case challenging the Tennessee convictions and detainer to the United States District Court for the Eastern District of Tennessee [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 2]. Because Petitioner's pleading was unclear, the Court provided Petitioner with forms for filing a petition for writ of habeas corpus and a complaint under 42 U.S.C. § 1983, and ordered him to file the appropriate forms [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 4]. He submitted a complaint under 42 U.S.C. § 1983 [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 8], but never filed the petition for writ of habeas corpus. The Court dismissed the complaint for failure to state a claim [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 10].

Meanwhile, on October 18, 2011, Petitioner filed a "motion to remove detainer" in the Hamilton County Criminal Court. On October 31, 2011, Petitioner filed a motion requesting the court void his sentence, allow Petitioner to file an untimely motion to withdraw his guilty plea, and withdraw the detainer. The trial court denied Petitioner's motion to remove the detainer on November 14, 2011, and denied Petitioner's motion to protest and contest transfer to Tennessee on December 6, 2011. Petitioner appealed the denial to the Tennessee Court of Criminal Appeals, which dismissed the appeal on February 26, 2013. *State v. Martin*, No. E2012- 00029-CCA-R3-CD, 2013 WL 709593, at *1 (Tenn. Crim. App. Feb. 26, 2013). On July 18, 2012,

while Petitioner's appeal was pending, Georgia authorities paroled Petitioner to the custody of Tennessee.

Petitioner filed a petition for post-conviction relief in the Hamilton County Criminal Court on July 25, 2013. The post-conviction court determined that the petition was barred by the statute of limitations and summarily dismissed it on August 28, 2013. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed the dismissal on April 9, 2014. *Martin v. State*, No. E2013-02343-CCA-R3-PC, 2014 WL 1396678, at *3 (Tenn. Crim. App. Apr. 9, 2014), *perm. app. denied* (Tenn. Sept. 19, 2014). The Tennessee Supreme Court declined review. *Id.*

Petitioner filed the instant federal petition for writ of habeas corpus under 28 U.S.C. § 2254 on November 21, 2014 [Doc. 1]. He bases his challenge on the fact that Tennessee authorities have incarcerated him after parole on his Georgia sentence [*Id.*]. This Court ordered Petitioner to show cause why the petition should not be dismissed as untimely [Doc. 2]; he complied [Doc. 3]. Respondent filed a motion to dismiss the application because it is time-barred under the 28 U.S.C. § 2244(d)'s statute of limitations [Doc. 10]. Petitioner responded in opposition [Doc. 17].

## II. MOTION TO DISMISS

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period starts to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which

could not have been discovered earlier through the exercise of due diligence. *Id.*; *see also Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000) (same). Once triggered, the limitations period is statutorily tolled during pendency of "a properly filed application for state-based post-conviction relief or other collateral review with respect to the pertinent judgment or claim." *Id.*

As an initial matter, the Court notes that neither subsection (d)(2) nor subsection (d)(3) apply under the facts of the instant case. Thus, timeliness of his petition depends on whether it was submitted within the one year windows for subsection (d)(1) or subsection (d)(4). For purposes of subsection (d)(1), the challenged conviction became final on June 20, 1997, at expiration of the time to file a direct appeal with the Tennessee Court of Criminal Appeals. Absent statutory or equitable tolling, the one-year statutory period would have expired on June 20, 1998.[1]

To the extent Petitioner attempts to rely on subsection (d)(4)—which applies where a claim depends upon a factual predicate which could not have been discovered earlier thought the exercise of due diligence, the only possible triggering event would have been when Petitioner discovered that Tennessee planned to resume custody after Georgia released him on parole. The latest possible date on which Petitioner could have discovered that information would have been July 27, 2011—the date that he learned about Tennessee's active detainer. Absent statutory or equitable tolling, the one-year statutory period would have expired on July 27, 2012.

### A. Statutory Tolling

Petitioner cannot rely on the "notice" filed with the United States District Court for the Norther District of Georgia and subsequently transferred to this Court as a source of statutory

---

[1] Petitioner waived the right to appeal his guilty plea when he pleaded guilty to the charge in accordance with Tenn. R. Crim. P. 37. After thirty days, during which he had opportunity to withdraw his plea, the judgment became final. *State v. Green*, 106 S. W.3d 646, 650 (Tenn. 2003).

tolling because when given the opportunity to amend the ambiguous filing by submitting a complaint under § 1983 or petition under § 2254, he chose to submit only the former [E. D. Tenn. Case No. 1:11-cv-00316, Doc. 8]. Even if he had submitted a federal request for habeas corpus, that request would have been denied for failure to exhaust because Petitioner had not yet made any effort to challenge the validity of his conviction at the state level.

Petitioner is also unable to rely on the petition for post-conviction relief filed with the Hamilton County Criminal Court on July 25, 2013, because that request was untimely—it was filed more than sixteen years after his conviction became final for purposes of (d)(1) and more than one year after the proposed triggering of (d)(4). Untimely state post-conviction petitions neither toll nor revive expired limitation periods under § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2008) (explaining an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing" and noting relevant rules include those laws prescribing "time limits upon [the application's] delivery").

Thus, the only filing submitted prior to expiration of the statutory window that could be construed as a post-conviction challenge is Petitioner's "motion to remove detainer," which he delivered to the Hamilton County Criminal Court on October 18, 2011. At that time, eighty-two days had passed since the start of the limitations period. The timer would have resumed on April 28, 2013, when the period for requesting review of the Tennessee Court of Criminal Appeals' decision expired. *See* Tenn. R. App. 11(b) (providing sixty days to file notice of appeal of Tennessee Court of Criminal Appeals judgment). The one-year window would have expired on February 4, 2014—283 days later after it resumed running on April 28, 2013, and 289 days before Petitioner filed the instant federal habeas petition on November 21, 2014 [Doc. 1].

B.   **Equitable Tolling**

5

Despite Petitioner's failure to trigger 28 U.S.C. § 2244(d)(2), the one-year AEDPA statute of limitations is not jurisdictional and remains subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Petitioner is "entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine "is applied sparingly," however, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Petitioner bears the burden of demonstrating cause for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); s*ee also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (same).

Petitioner cites the following facts as justification for deeming the petition timely: counsel told Petitioner during the plea process that he would be released from the Tennessee sentence at the same time as the Georgia sentence; the prosecution was aware of the above understanding when they agreed to enter the plea; Petitioner sought as early as 2009 to determine whether or not there was a detainer against him; and Petitioner filed a "notice" in the federal court system on September 21, 2011—just a few months after he learned about the detainer [Doc. 7]. Petitioner's response in opposition to dismissal repeats these same justifications for noncompliance, and argues he should not be faulted for failing to anticipate that the state courts would discard "governing law" and erroneously deny his petitions [Doc. 17]. These arguments do not justify tolling under the circumstances.

Even if the Court were to agree that Petitioner attempted to diligently pursue his rights, he has failed to identify any extraordinary circumstance that prevented him from timely filing the

6

petition. At most, the circumstances which Petitioner cites as justification for tolling explain why he failed to learn about Tennessee's intent to regain custody until July of 2011. Noticeably absent from his federal petition, response to the show cause order, and response in opposition to dismissal, is any justification for his failure to submit his request within the period allowed by § 2244(d).

Because the Court finds no grounds for equitable tolling exist, Respondent's motion to dismiss [Doc. 10] will be **GRANTED** and Petitioner's November 21, 2014 petition for federal habeas relief will be **DISMISSED** for failure to comply with 28 U.S.C. § 2244(d).

## III. REMAINING NONDISPOSTIVE MOTIONS

In addition to the petition discussed above, the Court is in possession of Petitioner's "motion in opposition to Respondent's [request for an extension of time]" [Doc. 8] and Respondent's request to withdraw original counsel and appoint substitute counsel [Doc. 16]. In the former, Petitioner opposes a request that the Court granted on May 16, 2016 [Docs. 6, 7]. As such, the motion will be **DENIED as moot**. In the latter, Respondent requests leave to withdraw original counsel—who has resigned her position with the Tennessee Attorney General—and appoint substitute counsel. For good cause shown, Respondent's motion will be **GRANTED**.

## IV. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss [Doc. 10] will be **GRANTED**. Accordingly, the habeas action will be **DISMISSED WITH PREJUDICE**. Petitioner's "motion in opposition to Respondent's [request for an extension of time]" [Doc. 8] will be **DENIED as moot**, and Respondent's request to withdraw original counsel and substitute new counsel [Doc. 16] will be **GRANTED**.

**AN APPROPRIATE ORDER WILL ENTER**.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**